UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANNY FUENTES, | : | |
|     Petitioner, | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:14cv1932 (JCH) |
| | : | |
| | : | |
| WARDEN, | : | JUNE 2, 2015 |
|     Respondent. | : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

The petitioner, Danny Fuentes, currently confined at the Federal Correctional Institution in Danbury, Connecticut, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary finding. For the reasons that follow, the Petition is denied.

**I.     BACKGROUND**

The petitioner is a federal inmate serving a 144-month sentence for conspiracy to distribute narcotics. His scheduled release date is February 10, 2018. The prison disciplinary proceeding underlying this petition occurred while the petitioner was confined at the Federal Correctional Institution, Fort Dix, New Jersey. The petitioner was found guilty of possession of a hazardous tool, a cell phone, which is classified as a greatest severity level offense under the Bureau of Prisons Inmate Discipline Program. As a result of the guilty finding, the plaintiff was sanctioned with disallowance of 27 days Good Conduct Time, forfeiture of 100 days of non-vested Good Time, 15 days confinement in disciplinary segregation, 180 days loss of prisoner email privileges, and 18 months loss of telephone privileges. The petitioner challenges the disciplinary

finding on the ground that he was denied the right to call witnesses in his defense at the disciplinary hearing.

On April 2, 2012, Officer Kelly conducted a routine shakedown in the petitioner's room.  According to Officer Kelly's incident report, he noticed that the petitioner's locker was open.  Officer Kelly randomly picked up a shoe that was in the locker and discovered a cell phone hidden in a carved out storage space below the innersole of the shoe.  Officer Kelly issued an incident report charging the petitioner with possession of a cell phone.  Lieutenant Fields delivered a copy of the incident report to the petitioner later that day.

Lieutenant Fields investigated the incident report by reading Officer Kelly's written statement and interviewing the petitioner.  During this initial interview, the petitioner stated that there were no witnesses.  Lieutenant Fields determined that the charge was warranted.  A Unit Discipline Committee hearing was conducted by Counselor Kwartin.

At the hearing, Counselor Kwartin reviewed the incident report.  The petitioner provided a statement denying ownership of the sneakers and indicating that his locker was secured before he left for the gym.  As the offense was classified as a greatest severity offense, the Unit Disciplinary Committee was required to refer the incident to a Disciplinary Hearing Officer for further review.  Counselor Kwartin recommended all appropriate available sanctions.  He gave the petitioner notice of the hearing before the Disciplinary Hearing Officer.  The petitioner had the right to have a full-time staff member represent him at the hearing, but he declined staff representation.  Counselor Kwartin also advised the petitioner that he had a conditional right to call witnesses at the

hearing. The petitioner indicated that he wanted to call witnesses but did not identify any witnesses at that time. Counselor Kwartin informed the petitioner of his rights at the hearing. The petitioner acknowledged receiving both the hearing notice and information about his rights. The petitioner subsequently provided Counselor Kwartin a list of twelve[1] inmates he wished to call as witnesses.

The hearing was held on May 15, 2012, before Alternate Disciplinary Hearing Officer Robinson. The petitioner provided a written statement indicating that the sneakers did not belong to him and that he always kept his locker secured. The petitioner was read his due process rights and indicated that he understood those rights. Eleven of the witnesses were contacted prior to the hearing. Six provided written statements. The other five declined to provide any statement on the petitioner's behalf. After being informed of this, the petitioner indicated that he was ready to proceed with the hearing.

After reviewing the evidence, Hearing Officer Robinson concluded that the petitioner committed the prohibited act. The decision was based on Officer Kelly's eyewitness account, the photograph of the cell phone, the chain of custody log and memorandum and the witness statements. None of the witnesses were present during the shakedown. They stated that the petitioner kept his locker secured but did not contradict the statement that the cell phone was found in the petitioner's locker.

The petitioner appealed the adverse finding to the Regional Director. The petitioner argued that the Hearing Officer's reliance on the six witness statements was

---

[1] The respondent states that the list contained eleven prospective witnesses. The list provided by the respondent, however, lists twelve inmates: Morell, Bell, Uribe, Ponder, Burgarra, O, Nazario, Johnson, Clark, Stefanidakis, Lopez and Joseph. See Resp't's Mem. Ex. B, Doc. No. 5-1 at 21.

insufficient.  The Regional Director upheld the ruling but informed the petitioner that he would receive an amended report that more adequately addressed the Hearing Officer's reliance on the written statements from the witnesses rather than live appearance and testimony.  The petitioner appealed this result to the Office of General Counsel.  The National Inmate Appeals Administrator denied the appeal.

The amended report from the Disciplinary Hearing Officer is dated March 12, 2013.  The Hearing Officer indicated that six of the witnesses provided repetitive statements showing only that the petitioner usually secured his locker.  None of the witnesses were present during the shakedown and could not testify regarding whether the petitioner's locker was secured at the time of the shakedown.  The Hearing Officer assumed that the inmates who refused to provide a favorable statement would not provide any additional information regarding the claim if they had been called.  In addition, the Hearing Officer noted that, at the hearing, the petitioner indicated that the six written statements sufficiently addressed the point that he wished to make.  All of the statements were considered in the decision process but did not contradict the fact that the cell phone was found in the petitioner's locker.

## II.     STANDARD OF REVIEW

A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence.  Section 2241 petitions are appropriately used to expunge disciplinary sanctions, including the loss of good time credits, from a prisoner's record. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

Inmates retain due process rights in prison disciplinary proceedings, albeit subject to restrictions.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  A

disciplinary hearing comports with due process when an inmate receives: "advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken."  Luna v. Pico, 356 F.3d 481, 487 (2d Cir. 2004) (citation omitted).

## III. DISCUSSION

The petitioner contends that he was denied due process at the disciplinary hearing because he was not permitted to call the witnesses he requested.

In prison disciplinary proceedings, the right to call witnesses is limited "'by the penological need to provide swift discipline in individual cases' and 'by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff.'"  Holland v. Goord, 758 F.3d 215, 225 (2d Cir. 2014) (quoting Ponte v. Real, 471 U.S. 492, 495 (1985)).  Prison officials have the discretion to control the length of disciplinary hearings, refuse to call witnesses who may undermine authority, and restrict the accused inmate's access to other inmates in preparation for the hearing.  Id. (citations omitted).  The Second Circuit has upheld the right of prison officials to refuse to call a witness whose testimony would be irrelevant or redundant.  Id.; see also Kalwasinski v. Morse, 201 F.3d 103, 109 (2d Cir. 1999) (holding that hearing officer did not violate due process by failing to call fourteen requested witnesses who were not present during incident); Russell v. Selsky, 35 F.3d 55, 58-59 (2d Cir. 1994) (prison official "did not violate any clearly established constitutional or statutory right" when he refused to permit inmate's requested witnesses to testify where the witnesses' testimony would have been "duplicative or non-probative").

None of the witnesses who provided written statements were present during the shakedown. Thus, none of the witnesses could contradict Officer Kelly's statement that the cell phone had been found in the petitioner's locker. Although several of the inmates stated that the petitioner customarily kept his locker secured, and several others stated that it had been secured earlier on the day of the incident, none could state whether the locker was secured at the time of the shakedown, as they were not present. The hearing officer could properly have concluded that none of the witnesses could provide probative testimony.

On appeal of the disciplinary finding, the petitioner stated that he wanted to call a staff member, SIS Monticello, as a witness to show that he previously has been charged with possession of a cell phone after a phone was found in a pair of boots under his bunk. That charge was dismissed because the boots in which the cell phone had been found were too small to belong to the petitioner and the open area under the bunk was not secured. See Resp't Mem. Ex. D, Doc. No. 5-1 at 41. The petitioner did not include any staff members on the list of witnesses he submitted to Counselor Kwartin and provides no evidence suggesting that he identified SIS Monticello as a potential witness prior to or during the hearing.[2] The petitioner was not denied due process by the failure to call a witness he had not requested.

Prison disciplinary findings comport with due process and are upheld if they are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). The court's review does not require examination of the entire record, reweighing the

---

[2] The written statement from Fuentes considered by the DHO referenced the prior incident and SIS Monticello, but did not list him as a witness.

evidence or independently assessing the credibility of the witnesses.  The court need only determine whether there is any evidence in the record that would support the hearing officer's decision.  Id.  Officer Kelly's report satisfies this requirement.  See Ames v. Artuz, No. 86 CIV. 1924(MJL), 1989 WL 54114, at *6 n.10 (S.D.N.Y. May 16, 1989) (acknowledging tension "between the some evidence standard … and the fact that the allegedly false charge in the instant case constitutes that very evidence" but noting that to discredit or discount that evidence would require an independent assessment of the reporting officer's credibility and a reweighing of the evidence presented, actions "neither required nor encouraged by Hill").

This court concludes that some evidence supports the disciplinary finding and, therefore, the petitioner was not denied due process.

## IV.   CONCLUSION

The petition for writ of habeas corpus (Doc. No. 1) is **DENIED.**  Any appeal of this Order would not be taken in good faith.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 2nd day of June, 2015, at New Haven, Connecticut.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge